4

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

FILED
September 27, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003795290

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

In re:

ROBERT A. HAWKINS and
ELIZABETH A. HAWKINS,

Debtors.

Case No. 09-26396-C-7
Chapter 7

DNL-5

Date: October 25, 2011
Time: 9:30 a.m.
Place: Dept. C, Courtroom 35
501 I Street, 6th Floor
Sacramento, CA. 95814

## MOTION FOR AUTHORITY TO SELL REAL PROPERTY

J. MICHAEL HOPPER ("Trustee") hereby moves for authority to sell a single family home commonly known as 444 Emerson Avenue, Yuba City, Sutter County Assessor's Parcel #3-220-34, California ("444 Emerson Avenue"), with all improvements, fixtures, and appurtenances thereon or incidental thereto, to ALBERTO VALDEZ and MICAELA MARTINEZ (hereinafter collectively "Buyers") for $25,000, free and clear of liens, encumbrances, and claims of interest of AMERICAN CONTRACTORS INDEMNITY COMPANY ("ACIC"), pursuant to 11 U.S.C. Section 363(f)(2). The sale is subject to Bankruptcy Court approval and overbidding at the sale hearing. In support thereof, Trustee respectfully represents the following:

### JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1

1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)

2. Trustee has provided parties with 28-days notice of this Motion pursuant to Local Rule 9014-1(f)1), and 21-days notice pursuant to Federal Rule of Bankruptcy 2002(a)(2).

3. On April 6, 2009, ROBERT A. HAWKINS and ELIZABETH A. HAWKINS ("Debtors") commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. Trustee is the duly appointed trustee of the Debtors' estate.

4. Among the assets of the estate is the Debtors' unscheduled and non-exempt interest in 444 Emerson Avenue.

5. On October 6, 2009, AMERICAN CONTRACTORS INDEMNITY COMPANY ("ACIC") filed Proof of Claim #14, asserting a secured claim for pre-petition bond forfeitures and missing bonds based on an Executing Agent's Contract ("ECA") utilized by the Debtors in connection with their bail bonding business. ACIC estimated the Debtors' obligation under the ECA to be $75,000 liquidated and in excess of $2.5 million contingent, and secured by liens, including a first trust deed and a possessory lien, against: (a) 444 Emerson Avenue; (b) a trust account commonly known as a Build Up Fund ("BUF") account with an estimated current balance of $18,000; and (c) a $175.44 refund.

6. On July 6, 2011, the bankruptcy court granted DNL-3, Trustee's motion to approve a compromise with ACIC that provides for the release of ACIC's first trust deed and the withdrawal of ACIC's Proof of Claim #14, in return for 35% of the net proceeds of sale of the estate's interest in 444 Emerson Avenue.

8. The Debtors did not schedule and have not exempted their interest in 444 Emerson Avenue. Post-petition, without consent of Trustee, the Debtors have leased the property to Buyers at a rate of $595 per month.

9. On July 20, 2011, the bankruptcy court granted DNL-4, Trustee's application to employ C-21 Select Real Estate ("C-21") to serve as Trustee's broker to list and sell 444 Emerson Avenue, in return for 6% commission for all services.

10. On the advice of C-21, 444 Emerson Avenue was originally listed for sale at

$37,900. Trustee has not received any offers for 444 Emerson Avenue other than the offer that is the subject of this motion.

## TERMS OF THE SALE

11. Trustee and Buyers have entered into a purchase and sale agreement for the sale of 444 Emerson Avenue. The essential terms of the purchase contract consist of the following: (1) Buyers shall purchase the bankruptcy estate's interest in 444 Emerson Avenue, free and clear of the ACIC lien pursuant to 11 U.S.C. Section 363(f), for $25,000, payable as follows: (a) $25,000 deposit due to Trustee upon execution of this agreement; and (b) the balance, if any, within 15 calendar days of Bankruptcy Court approval; (2) title shall be conveyed by way of quitclaim deed, of the estate's interest only, and by Trustee solely in his capacity as trustee of the Debtors' estate; (3) the Buyers and Trustee shall each bear and pay 50% of all non-recurring closing costs; (4) Trustee may entertain other offers and reserves the right to accept any of them through the conclusion of the hearing.

## BASIS FOR RELIEF SOUGHT

12. Pursuant to 11 U.S.C. 363(b), Trustee can sell property of the estate other than in the ordinary course of business after notice and hearing. Moreover, pursuant to 11 U.S.C. 363(f)(2), Trustee can sell property of the estate under subsection (b) free and clear of any interest in such property of an entity if such entity consents to the sale. Here, pursuant to Trustee's compromise with ACIC, approved by the Court on July 6, 2011, ACIC has consented to the sale of the 444 Emerson Avenue to Buyer in return for 35% of the net sale proceeds. Thus, a sale free and clear of ACIC's interest in 444 Emerson Avenue is proper pursuant to 11 U.S.C. 363(f)(2). Approving the sale is in the best interests of the estate because the sale price approximates fair market value of the property, and the estate will receive 65% of the net sale proceeds. Moreover, by entering into a deal with the current tenants of the property, Trustee avoids the costs and delay associated with marketing an occupied residence and removing the tenants from the property. Furthermore, Trustee has received no other offers on the property.

WHEREFORE Trustee prays that,

(1) The motion be granted,

(2) C-21's 6% commission fee be allowed as an administrative expense of the estate, and that the commission fee be paid out of escrow funds from the sale of 444 Emerson Avenue.

(3) Such other and further relief as the Court deems necessary and proper.

Dated: September 27, 2011     **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
J. LUKE HENDRIX
Attorneys for J. Michael Hopper, Chapter 7 Trustee